IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Jacob A. Yaun, Charles Belk, Individually and as natural father of K.B., a minor under the age of eighteen years, and K.B.,<br><br>    Plaintiff,<br><br> vs.<br><br>Donegal Insurance Group, Nationwide Insurance Company, Progressive Insurance Company,<br><br>    Defendants. | C/A No.: 1:11-1592-TLW-SVH |
| Bobby Wayne Clemons, Jr., Individually and as natural father of B.C., a minor, Charles Belk, Individually and as natural father of K.B., a minor,<br><br>    Plaintiff,<br><br> vs.<br><br>Southern Insurance Company of Virginia, Progressive Max Insurance Company,<br><br>    Defendants. | C/A No.: 1:11-1798-TLW-SVH |

ORDER

  This matter is before the court on the motion of Attorney Ronald A. Maxwell to withdraw as counsel for Bobby Wayne Clemons, Jr., individually and as natural father of

B.C., a minor ("Clemons"). [Entry #32].[1] The motion indicates Clemons has not cooperated in the litigation of this case, has ignored telephone calls and letters from his attorney, and has failed to appear for depositions. *Id*.  Attorney Maxwell avers that he cannot effectively represent Clemons without his cooperation, and therefore seeks to withdraw as counsel for Clemons in this matter. *Id*.

The court notes that Clemons may not proceed pro se on behalf of his minor son. *See Myers v. Loudoun County Public Schools*, 418 F.3d 395, 401 (4th Cir. 2005) ("[N]on-attorney parents generally may not litigate the claims of their minor children in federal court."). Although 28 U.S.C. § 1654 permits a litigant to "conduct their own cases personally," it does not extend to litigating for others, and "courts are nearly unanimous in holding that a parent or guardian cannot sue on behalf of a child without securing counsel." *Gallo v. United States*, 331 F.Supp.2d 446, 447 (E.D.Va. Aug. 23, 2004) (collecting cases).

Clemons is ordered to do at least one of the following by June 6, 2012: (1) authorize his attorney to dismiss this case; (2) contact his existing counsel and agree to communicate and cooperate with him in the litigation of this case; or (3) obtain new counsel who must enter a notice of appearance.  Also by June 6, 2012, Clemons must file, or authorize counsel to file on his behalf, a status report indicating that he has complied with this order and specifying whether he plans to voluntarily dismiss this case,

---

[1] As this case has been consolidated [Entry #24], all references to the docket entries are to the lead case, C/A No.: 1:11-1592-TLW-SVH. However, this order is also docketed in C/A No.: 1:11-1798-TLW-SVH.

communicate and cooperate with his existing counsel, or direct new counsel to file a motion of substitution. If Clemons fails to comply with this order, the undersigned plans to recommend dismissal of all claims brought by Clemons, including those claims brought on behalf of his minor child. Attorney Maxwell, as current counsel for Clemons, is directed to serve this order on him and file an affidavit of service indicating the same.

    IT IS SO ORDERED.

May 7, 2012  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge