IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Bobby Wayne Clemons, Jr., individually and as natural father of B.C., a minor, Charles Belk, individually and as natural father of K.B., a minor,<br><br>      Plaintiff,<br><br>vs.<br><br>Southern Insurance Company of Virginia, Progressive Max Insurance Company, and Allstate Indemnity Company<br><br>      Defendants. | C/A No.: 1:11-1798-TLW-SVH<br><br><br>REPORT AND RECOMMENDATION |

  This matter is before the court on the failure of plaintiff Bobby Wayne Clemons, Jr., individually and as natural father of B.C. ("Clemons"), to comply with a court order dated May 7, 2012. [Entry #41]. On November 4, 2011, this matter was referred to the Honorable Joseph R. McCrorey for pretrial management [Entry #22] and was reassigned to the undersigned on January 1, 2012 [Entry #25]. Because this is a dispositive matter, this Report and Recommendation is entered for review by the district judge.

  On May 1, 2012, Plaintiff's counsel moved to be relieved and averred that Clemons has not cooperated in the litigation of this case, has ignored telephone calls and letters from his attorney, and has failed to appear for depositions. [Entry #37]. Based on the motion of Plaintiff's counsel, the undersigned ordered Clemons to do at least one of the following by June 6, 2012: (1) authorize his attorney to dismiss this case; (2) contact his existing counsel and agree to communicate and cooperate with him in the litigation of

this case; or (3) obtain new counsel who must enter a notice of appearance. [Entry #41]. Additionally, Clemons was directed to file, or authorize counsel to file on his behalf, a status report indicating that he has complied with this order and specifying whether he plans to voluntarily dismiss this case, communicate and cooperate with his existing counsel, or direct new counsel to file a motion of substitution. *Id*. Clemons was specifically warned that if he failed to comply with the order, the undersigned would recommend dismissal of all of his claims, including those brought on behalf of his minor child. *Id*. Attorney Maxwell, as current counsel for Clemons, was directed to serve said order on him and file an affidavit of service indicating the same. Attorney Maxwell filed an affidavit of service indicating Clemons was served with the May 7, 2012 order on May 18, 2012. [Entry #45].

Notwithstanding the specific warning and instructions set forth in the court's order, Clemons has failed to comply with the order or respond in any manner. As such, it appears to the court that he wishes to abandon this action. The undersigned therefore grants Attorney Maxwell's motion to withdraw. Attorney Maxwell is directed to inform the court of Clemons' last known address by a filing on the docket by July 6, 2012. Upon receipt of such a filing, the clerk is instructed to terminate Mr. Maxwell as an attorney for Plaintiff and mail Plaintiff a copy of this report and recommendation. Additionally, based on the Plaintiff's failure to comply with the court's order, the undersigned recommends all claims brought by Clemons be dismissed with prejudice for failure to prosecute. *See Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b).

If Clemons complies with the May 7, 2012 order within the time set for filing objections to this Report and Recommendation, the Clerk is directed to vacate this Report and Recommendation and return the file to the undersigned for further handling. If, however, no objections are filed, the Clerk shall forward this Report and Recommendation to the district judge for disposition.[1]

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

June 22, 2012                                         Shiva V. Hodges
Columbia, South Carolina                    United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

---

[1] Also pending before the district judge are motions for summary judgment filed by defendants Progressive Max Insurance Company [Entry #26] and Southern Insurance Company of Virginia [Entry #31].

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).